# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 97-2132

_____

| | | |
|---|---|---|
| In Re:  Piper Funds, Inc. | * | |
| Institutional Government Income | * | |
| Portfolio Litigation. | * | |
| ------------------------------------------------ | * | |
| Richard J. Rodney, Jr., | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota |
| Piper Funds, Inc. Institutional | * | |
| Government Income Portfolio, et al., | * | **[UNPUBLISHED]** |
| | * | |
| Defendants - Appellees. | * | |
| | * | |
| Leon J. Savoie, et al., | * | |
| | * | |
| Appellants. | * | |

_____

Submitted:  April 13, 1998
Filed:  July 24, 1998

_____

Before RICHARD S. ARNOLD,* Chief Judge,  LAY and LOKEN, Circuit Judges.

_____

*The Honorable Richard S. Arnold stepped down as Chief Judge of the United States Court of Appeals for the Eighth Circuit at the close of business on April 17, 1998.  He has been succeeded by the Honorable Pasco M. Bowman, II.

PER CURIAM.

Appellants are a class of trust settlors and beneficiaries. Their trustee, Merchants Trust Company of Burlington, Vermont, invested some $40 million in the Piper Funds, Inc. Institutional Government Income Portfolio. When that investment soured, appellants sued Merchants in the United States District Court for the District of Vermont. Meanwhile, a securities class action brought in the District of Minnesota against the Portfolio and related defendants resulted in a settlement approved by the district court.[1] Merchants as trustee was the class member ostensibly entitled to the $4 to $4.5 million of settlement fund proceeds allocated to its Portfolio investments. Merchants argued it was entitled to these settlement proceeds outright, as an offset to voluntary payments it had made to restore appellants' trusts. Appellants countered by filing their own claims as members of the Piper class, moving to intervene, objecting to the class action settlement because it provides for payment directly to Merchants, and asserting a claim for attorney's fees out of the settlement fund.

The district court concluded it had jurisdiction to adjudicate all aspects of the class action litigation but declined to exercise any supplemental jurisdiction it might have to resolve the dispute between appellants and Merchants. The court denied appellants' motion to intervene and their direct claims against the settlement fund. Acknowledging that the settlement class was broadly defined in the settlement agreement, the court reasoned that allowing trust beneficiaries *and* their trustee to participate in the settlement would result in a double recovery, and that the beneficiaries should be excluded because they had no direct cause of action against the Piper defendants. However, to protect the beneficiaries' interests vis-a-vis Merchants, the court invalidated Merchants' Claim and Release Form to the extent it designated Merchants as Payee, directed that no distribution of settlement proceeds be made to

_____

[1]The HONORABLE PAUL A. MAGNUSON, Chief Judge of the United States District Court for the District of Minnesota.

Merchants for sixty days to give appellants an opportunity to seek further relief from a Vermont court, and ordered that any subsequent distribution to Merchants be made payable "to Merchants, as trustee for the Trust." Finally, the court denied appellants' claim for attorney's fees from the settlement fund, concluding that appellants' attorneys had not conferred benefit on any member of the settlement class.

Appellants challenge the district court's final order on numerous grounds, while the Piper class plaintiffs and class defendants join in urging us to affirm. After careful review of the record, we conclude the district court made an appropriate disposition of the disputed portions of the settlement fund and did not abuse its discretion in declining to exercise supplemental jurisdiction and in denying appellants' claim for an attorney's fee award. The court carefully preserved appellants' ability to litigate their unresolved claims against Merchants in Vermont, while ensuring that distribution of this portion of the settlement proceeds would serve to release claims of appellants and Merchants against the Piper class defendants. We conclude that an extended opinion would be of no precedential value. Accordingly, we summarily affirm. See 8th Cir. R. 47B. Appellants' motion for leave to file a supplemental memorandum is denied.

A true copy.


Attest:


CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.